JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

A&H Sportswear Co., Inc. and Global Trademarks, Inc.

**(b)** County of Residence of First Listed Plaintiff   Northampton County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Harvey, Steve Harvey Law LLC, 1880 JFK Blvd., Suite 1715, Philadelphia, PA 19103, 215-438-6600

### DEFENDANTS

Luo Qi Yuan

County of Residence of First Listed Defendant   China
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1125(a); 35 U.S.C. §§ 271, 289; and 28 U.S.C. § 1332

Brief description of cause:
Trademark infringement, trade dress infringement, design patent infringement, unfair competition, and dilution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Greater than $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
12/22/2016

SIGNATURE OF ATTORNEY OF RECORD
*Stephen G. Harvey / DVD*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __110 Commerce Way, Stockertown, PA 18083__

Address of Defendant: __No. 7 Tianhe Road, Hechun Town, Lianjiang City, Guangdong, China__

Place of Accident, Incident or Transaction: __Stockertown, PA__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____     Judge _____     Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Stephen G. Harvey__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __December 22, 2016__     Stephen G. Harvey   *Stephen G. Harvey* / DVJ     __58233__
                                 Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __December 22, 2016__     Stephen G. Harvey     __58233__
                                 Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| A&H Sportswear Co., Inc. and Global Trademarks, Inc. | : | CIVIL ACTION |
| v. | : | |
| Luo Qi Yuan | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| | | |
|---|---|---|
| December 22, 2016 | Stephen G. Harvey _Stephen G. Harvey (bvl)_ | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-438-6600 | 215-438-6666 | steve@steveharveylaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| A&H SPORTSWEAR CO., INC. AND GLOBAL TRADEMARKS, INC., | ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | **JURY TRIAL** |
| v. | ) ) | **DEMANDED** |
| LUO QI YUAN, | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiffs, A&H Sportswear Co. Inc. ("A&H") and Global Trademarks, Inc. (collectively, "Plaintiffs"), allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon knowledge, information, and belief as to all other matters:

### NATURE OF THIS ACTION

1.      This is a civil action for trademark infringement, trade dress infringement, design patent infringement, unfair competition, and dilution under federal, state, and/or common law. Defendant Luo Qi Yuan ("Defendant") has been offering for sale, selling, and promoting knock-offs of various best-selling A&H swimsuit designs and trademarks.  Specifically, Defendant copied A&H's:

- top-selling JENA patented swimsuit design and trademark;

- popular OCEANUS swimsuit design and mark; and

- well-known ESCAPE neckline swimsuit trade dress.

Defendant's conduct shows a pattern of willful, bad-faith copying to deceive consumers and unfairly profit from the goodwill, trust, and recognition that A&H has long labored to build.

Plaintiffs seek equitable and monetary relief from Defendant's multiple and flagrant violations of their valuable intellectual property rights.

## PARTIES

2.      Plaintiff A&H Sportswear Co., Inc. is a Pennsylvania corporation with a principal place of business at 110 Commerce Way, Stockertown, Pennsylvania 18083.

3.      Plaintiff Global Trademarks, Inc. is a Nevada corporation with a principal place of business at 110 Commerce Way, Stockertown, Pennsylvania 18083.

4.      Defendant Luo Qi Yuan is an individual with an address at No. 7 Tianhe Road, Hechun Town, Lianjiang City, Guangdong, China.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121; 35 U.S.C. §§ 271, 281, and 289; and 28 U.S.C. §§ 1331, 1338(a) and (b). Because A&H is a citizen of the Commonwealth of Pennsylvania, Global Trademarks is a citizen of Pennsylvania, Defendant is a citizen of China, and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to their federal claims and arise out of the same case or controversy.

6.      This Court has specific personal jurisdiction over Defendant because he has purposefully availed himself of the privilege of conducting business in Pennsylvania.  Defendant offers, markets, promotes, and sells his infringing products that are the subject of this lawsuit through *Amazon.com* and other means to consumers located in Pennsylvania.

2

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiffs' claims have occurred and are continuing to occur in this District and Plaintiffs' trademarks, trade dress, and design patent at issue are located in this District, where A&H maintains its principal place of business.

### A&H AND ITS BEST-SELLING AND WELL-KNOWN SWIMWEAR

8.      With roots tracing back to the 1930's, A&H is one of the most successful and admired makers of swimwear.  A&H's innovative, figure-flattering swimsuit designs have enjoyed tremendous commercial success, widespread recognition, and a loyal customer following.

9.      Over the years, A&H's swimsuit designs have received significant unsolicited media attention, have been featured in countless printed publications (including a cover of the annual *Sports Illustrated* magazine swimsuit edition as depicted below), and have been spotted on A-list celebrities like Beyonce:



10.    A&H has sold over a billion dollars' worth of swimwear products in the last decade alone.  These swimsuits are promoted, offered, and sold nationwide through a variety of retail means including, but not limited to, A&H's website (http://www.miraclesuit.com/) and numerous national, regional, and specialty retailers and e-tailers such as *Macy's, Nordstrom, Zappos.com, 6PM.com, Neiman Marcus, Swimoutlet.com, Chicos.com, Bloomingdales, Dillard's, Lord & Taylor, Belk, Everything but Water, Swim 'N Sport, Victoria's Secret, Lands' End, Soma, Chico's, Talbot's, Bare Necessities, Eddie Bauer* and many others, as shown in the representatives examples below.









11.     A&H's products are also offered and sold through the websites and mail order catalogs of many of its retailers and through A&H's affiliated websites, catalogs, and toll-free call center.

12.     A&H has also for years sold a wide variety of its swimwear and other products on *Amazon.com*, as shown in the representative examples below:

6



All results for "oceanus miraclesuit"









Must Haves Oceanus Wire-Free

Miraclesuit Women's D Cup
Oceanus One Piece Swimsuit

Miraclesuit Women's Solid Oceanus

Miraclesuit Women's Color Code
Oceanus One-Piece Swimsuit, Multi

**Amazon Fashion**   WOMEN   MEN   GIRLS   BOYS   BABY   LUGGAGE   SALES & DEALS   YOUR FASHION & ♥ S

‹ Back to search results for "escape miracle surf"




Miraclesuit
### Miraclesuit Women's Must Haves Escape One-Piece
Be the first to review this item

Price: $115.44 - $156.00 & FREE Returns on some sizes and colors. Details

Size:

Select [▦]   Size Chart

Color: Black

- Made in USA
- Made in USA

Roll over image to zoom in

7



**PLAINTIFFS' JENA SWIMSUIT AND DESIGN PATENT**

13.    Since at least 2011, A&H's swimwear line has included top-selling swimsuits under the mark JENA.

14.    The JENA swimsuits have a unique and elegant design, as shown in the photos below (the "JENA Design"):

8



15.    Swimsuits incorporating the JENA Design have been listed in A&H's wholesale catalog under the collection name "Fashion Figures."

16.    A&H's signature JENA Design and the JENA mark have enjoyed widespread commercial success, with sales since 2011 totaling over $7 million.

17.     In the past five years, A&H has spent millions of dollars promoting its MIRACLESUIT line and JENA Design and mark through virtually every available type of media including, but not limited to, magazines, online blogs and journals, social media, television segments, bus billboards, and the New York Fashion Week events, as shown in the examples below:





18.    A&H's popular JENA Design has been labeled a top "Spring Break Essential" by *StyleBlazer* and "goddess-like" by *Ladies' Home Journal*.

19.    The JENA Design and mark have also received extensive media coverage (as shown in the representative examples below), including from such prominent publications as *Fashion*, *The Huffington Post*, *InStyle Magazine*, *PIE Magazine*, *Latino Magazine*, *Seventeen Magazine,* and from popular television programs including the *Rachel Ray Show*, the *Steve Harvey Show*, and the *TODAY Show*:

11

as seen in
**SEVENTEEN**

*Miraclesuit*
Look 10 lbs. Lighter in 10 Seconds

Date: May 2014
Circulation: 2,010,619
Type: Magazine
Page: 43





as seen in
**FASHION**

*Miraclesuit*
Look 10 lbs. Lighter in 10 Seconds

Date: Summer 2013
Circulation: 142,016
Type: Magazine
Page: 74





MIRACLESUIT $190

20.     Global Trademarks, an affiliate of A&H, caused a design patent to be filed for the below JENA Design and, on June 2, 2015, the United States Patent and Trademark Office ("PTO") issued U.S. Design Patent No. D730,620 ("the '620 patent") (attached as Exhibit A) for the JENA Design to inventor Edward James Tucker:



21.     Global Trademarks is the owner of all right, title, and interest in and to the '620 patent by assignment from Edward Tucker.

<strong>A&H'S OCEANUS SWIMSUITS</strong>

22.     Since at least 1996, A&H has offered a widely popular line of swimsuits under the mark OCEANUS.

13

23.    A&H's OCEANUS swimsuits have a distinct wrap design, as depicted in the photos below, and consumers have for many years associated this memorable look with the OCEANUS line:



24.     A&H swimsuits sold in connection with the OCEANUS mark have enjoyed tremendous commercial success, with sales since 1996 exceeding $80 million.

25.     In the past 5 years alone, A&H has expended millions of dollars advertising and promoting its MIRACLESUIT line and OCEANUS-branded swimwear in different types of media including, but not limited to, print magazines, online blogs and newspapers, social media, and television.

26.     A&H's OCEANUS swimsuits have received widespread media coverage from widely-circulated outlets including, but not limited to, *Woman's Day*, *O Magazine*, and *Good Housekeeping* (as shown in the examples below):





**THE DISTINCT ESCAPE NECKLINE TRADE DRESS**

27.     Since at least 1998, A&H has offered swimwear with the distinct bustline design

shown below, which features a plunging neckline with a unique elongated cutout between the

cups (the "ESCAPE Neckline Trade Dress"), as shown below:

16







**Miraclesuit Brite Side Escape**
Miraclesuit Brite Side Escape
Price: $160.00

**Miraclesuit Sound Wave Escape**
Miraclesuit Sound Wave Escape
Price: $160.00

**Miraclesuit Indigo-Go Escape**
Miraclesuit Indigo-Go Escape
Price: $166.00

28.    A&H's swimsuits under the ESCAPE Neckline Trade Dress boast impressive

sales figures, with sales since 1998 exceeding $100 million.

29.    In the past 5 years alone, A&H has spent millions of dollars extensively

advertising and promoting its MIRACLESUIT line and ESCAPE Neckline Trade Dress through

a myriad of media outlets including print magazines, online blogs and publications, morning

television shows, department store advertisements, as well as fashion shows and industry events.

17

30.     The popular *Artfully Wed* named the ESCAPE Neckline Trade Dress swimsuit a "Beach Honeymoon Essential," and *Women's World Magazine* named it one of "summer's best swimsuits."

31.     The ESCAPE Neckline Trade Dress has received widespread media coverage including from *O Magazine*, *Health Magazine*, *WeightWatchers Magazine*, *Good Housekeeping*, and various news outlets, including the *TODAY Show* and *New Day Cleveland*.  Below are several representative examples of this media coverage:





as seen in
**WOMAN'S WORLD**

*Miraclesuit*
Look 10 lbs. Lighter in 10 Seconds®

Date: May 27, 2013
Circulation: 1,256,746
Type: Magazine
Page: 6



*Summer's best slimsuits*

32.     As a result of its distinctive nature and unique design; significant commercial success; widespread advertising; and long-standing and extensive publicity, the ESCAPE Neckline Trade Dress has been well-known for years.

33.     To capitalize on this widespread consumer recognition, A&H has for years used the ESCAPE Neckline Trade Dress as a distinct logo/design.

34.     As a result of their distinctive nature and strength; significant commercial success; widespread advertising; and long-standing and extensive publicity, A&H's JENA Design and mark, OCEANUS mark, and ESCAPE Neckline Trade Dress have been well-known for years.

**DEFENDANT'S WRONGFUL ACTIVITIES**

35.     Without Plaintiffs' authorization or approval, Defendant (who does business as "Cocoship") has been offering, promoting, and selling knock-off swimsuits that infringe Plaintiffs' trademarks, trade dress, and design patent rights.

36.     Specifically, as shown in the photos below, Defendant has been offering, promoting, and selling knock-off swimsuits using the JENA Design and mark.  Also as shown in the photos below, Defendant copied the "Fashion Figures" name A&H uses in its wholesale catalog to advertise its JENA swimsuits:

**Plaintiffs' JENA Swimsuit and Patented Design:**



**Defendant's Knock-off JENA Swimsuit:**





37.   Additionally, Defendant has been offering, promoting, and selling copycat swimsuits under the OCEANUS mark and a design that closely mimics A&H's OCEANUS design, as shown in the photos below:

**A&H's OCEANUS Swimsuits:**



22

**Defendant's Knock-off OCEANUS Swimsuits:**



38.     Further still, Defendant has been offering, promoting, and selling swimsuits that copy the unique ESCAPE Neckline Trade Dress, as shown in the photos below:

**A&H's Swimsuits with the ESCAPE Neckline Trade Dress:**



23

**Defendant's Knock-off ESCAPE Neckline Swimsuits:**



39.     Defendant's copycat products are advertised and sold next to genuine A&H's

products on *Amazon.com*, as shown in the photos below:



24



**INJURY TO A&H AND THE PUBLIC**

40.     Defendant's unauthorized uses of the JENA Design and mark, OCEANUS mark, and ESCAPE Neckline Trade Dress are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and are likely to falsely suggest a sponsorship, connection, or association between Defendant, his products, and/or his commercial activities with A&H.

41.     Defendants' acts, as described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Plaintiffs, the JENA and OCEANUS marks, the patented JENA Design, and the ESCAPE Neckline Trade Dress.

42.     Defendant has acted knowingly, willfully, in reckless disregard of Plaintiffs' rights, and in bad faith, as evidenced in part by Defendant's obvious copying of multiple Plaintiffs' marks and designs.

## FIRST CLAIM FOR RELIEF
### Infringement of the JENA Trademark, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

43.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 42 of this Complaint.

44.     Defendant's use of the JENA mark, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, his products, and/or his commercial activities by or with A&H, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF
### Infringement of the OCEANUS Trademark, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

45.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 44 of this Complaint.

46.     Defendant's use of the OCEANUS mark, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, his products, and/or his commercial activities by or with A&H, and thus constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
### Infringement of the ESCAPE Neckline Trade Dress, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

47.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 46 of this Complaint.

26

48.     Defendant's use of the ESCAPE Neckline Trade Dress, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, his products, and/or his commercial activities by or with A&H, and thus constitutes trade dress infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

**FOURTH CLAIM FOR RELIEF**
**Design Patent Infringement of the '620 Patent**
**Under 35 U.S.C. §§ 271, 289**

49.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 48 and of this Complaint.

50.     In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the '620 patent and the design of Defendant's infringing JENA swimsuit are substantially the same, such that the ordinary observer would be deceived into believing that Defendant's infringing JENA swimsuit is substantially the same as the design claimed in the '620 patent.

51.     Defendant has directly infringed the '620 patent by making, offering for sale, selling, and/or importing infringing JENA swimsuits in the United States, in violation of 35 U.S.C. § 271.

52.     Defendant has directly infringed the '620 patent by applying the patented design of the '620 patent, or a colorable imitation thereof, to an article of manufacture, including the infringing JENA swimsuits, for the purpose of sale and/or by selling, offering, or exposing for sale an article of manufacture, including the infringing JENA swimsuits, to which the patented design of the '620 patent or a colorable imitation thereof has been applied, in violation of 35 U.S.C. § 289.

27

## FIFTH CLAIM FOR RELIEF
### Infringement of the JENA Design Trade Dress, False Designation of Origin, Passing Off, and Unfair Competition
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

53.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 52 of this Complaint.

54.     Defendant's use of the JENA Trade Dress, as described above, is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, his products, and/or his commercial activities by or with A&H, and thus constitutes trade dress infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement, Trade Dress Infringement, and Unfair Competition

55.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 54 of this Complaint.

56.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with A&H, or as to the origin, sponsorship, or approval of Defendant, his products, and his commercial activities by or with A&H such that Defendant's acts constitute infringement of A&H's proprietary rights in the JENA and OCEANUS marks, the JENA Design, and the ESCAPE Neckline Trade Dress, misappropriation of A&H's goodwill in those marks and trade dress, and unfair competition under Pennsylvania common law.

28

## SEVENTH CLAIM FOR RELIEF
### Injury to Business Reputation and Dilution
### Under 54 Pa. Stat. and Cons. Stat. Ann. § 1124

57.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 56 of this Complaint.

58.     A&H's JENA and OCEANUS trademarks, JENA Design, and ESCAPE Neckline Trade Dress are famous in this Commonwealth, as that term is used in 54 Pa. Stat. and Cons. Stat. Ann. § 1124, and were famous before Defendant's first uses of the infringing JENA and OCEANUS marks and the knock-off JENA Design and the ESCAPE Neckline Trade Dress based on, among other things, these marks/trade dresses' inherent and acquired marketplace strength and extensive and long-standing use, advertising, and promotion.

59.     Defendant's acts, described above, including blatant copying of A&H's marks and designs, show that Defendant willfully intended to trade on A&H's reputation and cause dilution of its famous marks/trade dresses.

60.     Defendant's acts, described above, are likely to dilute the distinctive quality of A&H's JENA and OCEANUS trademarks, the JENA Design, and the ESCAPE Neckline Trade Dress and cause injury to A&H's business reputation in violation of 54 Pa. Stat. and Cons. Stat. Ann. § 1124 *et. seq.*

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs respectfully demand a trial by jury on all issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.     An Order declaring that Defendant's use of the JENA and OCEANUS marks violates A&H's rights in the JENA and OCEANUS marks and constitutes trademark infringement, unfair competition, and dilution under federal and/or state law, as detailed above;

B.     An Order declaring that Defendant's use of the patented JENA Design violates the '620 patent and constitutes infringement under federal law, as detailed above;

C.     An Order declaring the Defendant's use of the JENA Design and the ESCAPE Neckline Trade Dress constitute trade dress infringement, unfair competition, and dilution under federal and/or state law, as detailed above;

D.     A permanent injunction enjoining Defendant and his employees, agents, partners, officers, directors, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    1.     From using or registering the JENA and OCEANUS marks, JENA Design, ESCAPE Neckline Trade Dress, and any other marks, designs, and/or trade dresses that are likely to be confused with A&H's marks and/or trade dresses;

    2.     From making, importing, promoting, offering or exposing for sale, or selling any products with the JENA Design and/or any design that is similar to the claimed design of the '620 patent; and

    3.     From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by

Defendant, are associated or connected in any way with Plaintiffs, sponsored or authorized by Plaintiffs, or otherwise affiliated with Plaintiffs.

E.      An Order directing Defendant to, within thirty (30) days after the entry of the injunction, file with this Court and serve on Plaintiffs' attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.      An Order directing Defendant to immediately send to Plaintiffs all products, advertisements, hangtags, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the JENA and OCEANUS marks, JENA Design, ESCAPE Neckline Trade Dress Design, and/or any other marks, designs, or trade dresses that are likely to be confused with or to dilute A&H's marks and/or swimsuit designs;

G.      An Order requiring Defendant to account for and pay to Plaintiffs any and all profits arising from the foregoing acts, and increasing such profits, including trebling them, in accordance with 15 U.S.C. § 1117 and other applicable laws;

H.      An Order requiring Defendant to pay Plaintiffs damages in an amount as yet undetermined (and including prejudgment and post-judgment interest) caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117, 35 U.S.C. §§ 284 or 289; and other applicable laws;

I.      An Order requiring Defendant to pay Plaintiffs punitive damages in an amount to be determined due to the foregoing willful acts;

J.      An Order requiring Defendant to pay Plaintiffs their costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

K.      Other relief as the Court may deem appropriate.

Dated:  December 22, 2016          Respectfully submitted,

*Stephen G. Harvey, DVD*

Stephen G. Harvey (PA 58233)
David V. Dzara (PA 91274)
STEVE HARVEY LAW LLC
1880 JFK Blvd., Suite 1715
Philadelphia, PA 19103
(215) 438-6600 (phone)
steve@steveharveylaw.com
david@steveharveylaw.com


Douglas A. Rettew (*pro hac vice* motion forthcoming)
Anna. B. Naydonov (*pro hac vice* motion forthcoming)
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue N.W.
Washington, D.C.  20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
doug.rettew@finnegan.com
anna.naydonov@finnegan.com

*Attorneys for Plaintiffs*
*A&H Sportswear Co. Inc.*
*and Global Trademarks, Inc.*

# Exhibit

# A



US00D730620S

(12) **United States Design Patent**     (10) Patent No.:     **US D730,620 S**
    Tucker                                (45) Date of Patent:   **      Jun. 2, 2015**

(54) **SWIMSUIT**

(75) Inventor:   **Edward James Tucker**, Allentown, PA (US)

(73) Assignee:   **GLOBAL TRADEMARKS, INC.**

(**) Term:   **14 Years**

(21) Appl. No.:   **29/428,667**

(22) Filed:   **Aug. 2, 2012**

(51) **LOC (10) Cl.**  ..............................   **02-02**

(52) **U.S. Cl.**
    USPC  ................................................   **D2/731**

(58) **Field of Classification Search**
    USPC  ..........  D2/745, 712, 700, 703, 706, 731–738,
                     D2/840; 2/67, 69, 82, 238, 912, 212;
                     443/102; 450/8, 30, 32, 134
    CPC  ...........  A41B 9/00;  A41C 1/00;  A41C 1/003;
                     A41C 1/06;  A41C 3/00;  A41C 3/0057;
                     A41C 3/008;  A41D 7/00;  A41D 31/99
    See application file for complete search history.

(56)           **References Cited**

         U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 2,651,040 | A | * | 9/1953 | Block .......................... 450/30 |
| D297,581 | S | * | 9/1988 | Wirth .......................... D2/731 |
| 4,815,145 | A | * | 3/1989 | Chow ........................... 2/67 |
| D600,880 | S | * | 9/2009 | Waldman ..................... D2/731 |
| D613,036 | S | | 4/2010 | Waldman |
| D613,477 | S | | 4/2010 | Waldman |
| D620,229 | S | * | 7/2010 | Waldman ..................... D2/731 |
| D634,510 | S | | 3/2011 | Waldman |
| D635,740 | S | * | 4/2011 | Waldman ..................... D2/731 |

| | | | | |
|---|---|---|---|---|
| D636,559 | S | | 4/2011 | Maestrales |
| D641,958 | S | | 7/2011 | Waldman |
| D679,071 | S | * | 4/2013 | Waldman ..................... D2/735 |
| 8,414,352 | B2 | * | 4/2013 | Trenhaile ..................... 450/30 |
| D687,212 | S | * | 8/2013 | Waldman et al. ............. D2/731 |
| D693,542 | S | * | 11/2013 | Waldman ..................... D2/735 |
| D693,991 | S | * | 11/2013 | Gillespie ..................... D2/840 |
| D701,675 | S | * | 4/2014 | Waldman ..................... D2/735 |
| D706,019 | S | * | 6/2014 | Waldman ..................... D2/731 |

OTHER PUBLICATIONS

La Blanca Sheer Present Danger Sweetheart Bandeau One Piece Swimsuit in Black, [online], retrieved on Jan. 4, 2015. Retrieved from, <URL: http://www.lyst.com/clothing/la-blanca-sheer-present-danger-sweetheart-bandeau-one-piece-swimsuit-black/>, 1 page.*

(Continued)

*Primary Examiner* — Ian Simmons
*Assistant Examiner* — Shannon Morgan
(74) *Attorney, Agent, or Firm* — Belles Katz LLC

(57)           **CLAIM**

I claim the ornamental design for a swimsuit, as shown and described.

           **DESCRIPTION**

FIG. 1 is a front view of a swimsuit showing my new design according to the present invention.
FIG. 2 is a rear view of the swimsuit of FIG. 1.
FIG. 3 is a left-side view of the swimsuit of FIG. 1; and,
FIG. 4 is a right-side view of the swimsuit of FIG. 1.
The broken lines in FIGS. 1-4 of the swimsuit are for the purpose of illustrating environment, and form no part of the claimed design.

           **1 Claim, 4 Drawing Sheets**




**US D730,620 S**

Page 2

(56)           **References Cited**

OTHER PUBLICATIONS

Miraclesuit Jena Slimming One-Piece Swimsuit, [online], posted on
Jan. 4, 2014, retrieved on Jan. 4, 2015. Retrieved from, <URL:
http://clothespedia.com/miraclesuit-jena-slimming-one-piece-
swimsuit/>, 1 page.*

Ici Fashion, [online], published on May 21, 2012, retrieved on Jan. 4,
2015. Retrieved from, <URL: http://icifashionstore.blogspot.com/
2012/05/tahitian-trip-vacation-series.html>, 1 page.*

* cited by examiner



# FIG. 1

**U.S. Patent**     Jun. 2, 2015     Sheet 2 of 4     US D730,620 S



FIG. 2



# FIG. 3



FIG. 4